FILED 25 OCT '11 09:42 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| SEAN WESTCOTT, | ) | |
| | ) | Civil No. 10-1291-JO |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| JOE DeCAMP, | ) | |
| | ) | |
| Respondent. | ) | |

Thomas J. Hester
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Andrew Hallman
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

    Attorneys for Respondent

1 - OPINION AND ORDER

JONES, District Judge.

Petitioner, an inmate at the Deer Ridge Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition on the basis that Petitioner failed to exhaust his available state remedies. For the reasons set forth below, Respondent's Motion [23] is granted.

## BACKGROUND

Pursuant to a negotiated plea agreement, Petitioner pled guilty to two counts of coercion on November 26, 2008 (Lane County Case No. 200823520). On December 11, 2008 the court imposed a probationary sentence. A few months later in February 2009, Petitioner admitted to violating the conditions of his parole. His parole was revoked and the court imposed consecutive 19-month sentences on each coercion count. In addition, Petitioner pled guilty to felony stalking (Lane County Case No. 200908776), and, pursuant to a negotiated plea agreement, the court imposed a 41-month sentence with 31 months to be served concurrently with the sentence in the coercion case and 10 months to be served consecutively with that sentence. According to Respondent, Petitioner's projected release date is November 14, 2011. However, in a Supplemental Exhibit [31], Petitioner includes a memo dated June 28, 2011 showing the Oregon Department of Corrections recently recalculated his sentence and determined his new projected release date is January 11, 2012.

2 - OPINION AND ORDER

The direct appeals in both cases are pending in the Oregon Court of Appeals (Case Nos. A146894 & A147658). Petitioner also filed petitions for post-conviction relief (PCR) in both cases (Marion County Circuit Court Case Nos. 09C18975 & 09C19196), but the PCR court denied relief on January 12, 2011 and February 11, 2011 respectively. Appeals of the post-convictions court's denials are pending before the Oregon Court of Appeals (Case Nos. A147344 & A147469). During the pendency of his post-conviction proceedings, Petitioner filed pro se and counseled motions to amend the judgment with the trial court. These motions were denied for lack of jurisdiction.

Petitioner also filed petitions for habeas relief in state court (Marion County Circuit Court Case No. 10C12613 and Lake County Circuit Court Case No. 100186CV). Relief was denied on both petitions. No judgment issued in the Marion County case and Petitioner did not take an appeal in the Lake County case.

On October 15, 2010, petitioner filed this action. In his Petition for Writ of Habeas Corpus, he raises the following grounds for relief:

> Ground One: Conviction obtained by Peas of guilty which was unlawfully induced or not made voluntarily with understanding of the consequences of the plea. I had a bound judgment of conviction which provided for concurrent sentences even upon probation revocation. However; I was ultimately revoked and the probation revocations judge unconstitutionally resentenced me without allowing me to withdraw my plea which is contrary to my 6th and 14th Amendment rights.
>
> Ground Two: Conviction obtained by use of coerced confession.

3 - OPINION AND ORDER

Ground Three: Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, which caused my coerced guilty pleas.

## DISCUSSION

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722, 731 (1991); Picard v. Connor, 404 U.S. 270, 275 (1971). Although there is a strong presumption in favor of requiring a prisoner to exhaust his state remedies, failure to do so is not jurisdictional. See Granberry v. Greer, 481 U.S. 129, 131 (1987); Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir.), cert. denied, 522 U.S. 892 (1997); Hendricks v. Zenon, 993 F.2d 664, 672 (9th Cir. 1993).

Hence, the failure to exhaust may be excused if (1) "there is an absence of available State corrective process"; or (2) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(I) & (ii). State remedies may be found to be "ineffective" in rare cases where exceptional circumstances of peculiar urgency are shown to exist. See Granberry, 481 U.S. at 134; Hendricks, 993 F.2d at 672. Similarly, state remedies may be rendered "ineffective" by extreme or unusual delay attributable to the state. Edelbacher v. Calderon, 160 f.3d 582, 586-87 & n. 5 (9th Cir. 1998); Phillips v.

4 - OPINION AND ORDER

Vasquez, 56 F.3d 1030, 1036 (9th Cir.), cert. denied, 516 U.S. 1032 (1995).

In the instant proceeding, Petitioner argues the court should deny Respondent's Motion to Dismiss and review the merits of his claims because: (1) he fairly presented his claims to the Oregon courts through the filing of pro se and counseled motions to amend the judgment with the trial court; and (2) any failure to exhaust should be excused on the basis there is no adequate available state corrective process through which he can meaningfully vindicate his federal constitutional rights.

I. **Motions to Amend the Judgment Pursuant to Or.Rev.Stat. § 138.083**

As noted above, while his post-conviction proceedings were pending, Petitioner filed various motions to amend the judgment pursuant to Or.Rev.Stat. §138.083 asserting that the revocation trial court failed to adhere to the contract plea to which he, the original sentencing court and the prosecutor were bound. Specifically, Petitioner argued the plea agreement provided that in the event of a revocation, any subsequent sentences on the coercion counts would run concurrently. The trial judge denied the motions on the basis the error did not involve an erroneous term in the judgment, and, therefore, the court lacked jurisdiction. Petitioner argues his sentencing claim was thereby exhausted.

Under State v. Harding, 222 Or.App. 415, 417-18, 193 P.3d 1055 (2008), a criminal defendant may move the trial court to correct

constitutional errors in his sentence. The trial court's ability to amend a judgment to correct such an error is, however, entirely discretionary. Id. As the Harding court noted, "[w]e emphasize ... that, consistently with the discretionary nature of the trial court's error-modification authority under Or.Rev.Stat. §138.083, the trial court was not required to correct the asserted error." Id. at 422. Accordingly, even assuming the trial court had jurisdiction and reviewed Petitioner's motion to amend the judgment on the merits, because review of a motion to correct a sentence under Oregon law is discretionary, Petitioner's claim was not "fairly presented" to the Oregon courts for purposes of the exhaustion requirement. See Castille v. Peoples, 489 U.S. 346, 351 (1989).

Moreover, Petitioner concedes he failed to federalize his breach of plea claim by referencing a specific federal constitutional guarantee in his pro se and counseled motions to amend the judgment. The court finds Respondent's argument that it should not be judicially estopped from asserting Petitioner did not properly exhaust his claims on this basis is well taken.

II. **Adequate Available State Corrective Process**

Petitioner contends any failure to exhaust should be excused because the "peculiar facts and tortured history of this case" demonstrate there is no adequate available state corrective process through which he can meaningfully vindicate his federal

6 - OPINION AND ORDER

constitutional rights. In his response to the motion to dismiss, Petitioner states that where he "has diligently pursued every possible state remedy and the prosecutor has conceded the plea agreement was breached, there is no adequate available state corrective process." Response [27], p. 14. The court disagrees.

Petitioner has appeals pending in the Oregon Court of Appeals challenging the PCR court's denial of relief on his PCR petition related to the coercion convictions. Petitioner presents no reason, other than the fact he is due to be released in the coming months, why the Oregon Court of Appeals cannot competently review the PCR court's decision. Notably, the PCR made the following relevant Findings of Fact related to Petitioner's arguments before this court:

FINDINGS OF FACT

1. Petitioner was placed on 42 months probation on December 11, 2008, in Lane County Case No. 200823520, after he pled guilty to two counts of Coercion. On February 23, 2009, petitioner admitted to violating his probation in the Coercion case, his probation was revoked, and petitioner was sentenced to two consecutive 19-month terms in the Department of Corrections. Petitioner's post-conviction challenges with regard to these events were presented in Marion County Case No. 09C18975.

2. After being sentenced to the aforementioned 38-month prison term, petitioner engaged in behavior prohibited by a Restraining Order his wife had obtained against him. Consequently, in Lane County Case No. 200908776, petitioner was charged with 22 counts of Contempt of Court.

3. As the contested hearing on the Contempt charges approached, petitioner was also charged with Telephonic Harassment and Felony Stalking. Then, prior to trial,

7 - OPINION AND ORDER

petitioner, through his counsel, entered a negotiated plea agreement.

4. Pursuant to the plea agreement, petitioner pled guilty to Felony Stalking and two counts of Contempt and petitioner received a 41-month sentence on the charge of Felony Stalking, with 31 months to be served concurrently with the 38-month sentence being served for the previous convictions of Coercion. Petitioner's post-conviction challenges with regard to these events are found in Marion County Case No. 09C19196.

5. In Lane County Case No. 200823520, petitioner's pleas of guilty were knowing, voluntary and intelligent.

6. Petitioner alleges that his entry of guilty pleas on the Coercion counts was pursuant to a negotiated plea agreement requiring the imposition of concurrent sentences upon revocation of his probation. If he had been advised that the trial court could impose consecutive sentences upon revocation of probation, Petitioner states that he would have exercised his right to trial by jury.

7. In support of his contention, petitioner relies on statements made at his plea hearing by deputy district attorney Sarah Sabri. Ms. Sabri's statements are said to have given petitioner the understanding that concurrent sentences would be imposed if his probation were revoked.

8. Petitioner also directs the Court to the Affidavit of Ms. Sabri, who testifies that she believes the intent of the negotiations regarding petitioner's plea agreement was that the Coercion sentences be served concurrently.

9. However, in Ms. Sabri's testimony, she states that she does not have an independent memory of the negotiations in the case, and bases her statement only on a review of the available record. This record is facially silent on the issue of imposition of concurrent or consecutive sentences in the event of probation revocation.

10. What Ms. Sabri said at petitioner's plea hearing, however, does not necessarily inform this Court of whether petitioner's counsel provided adequate assistance. Gary Deal, petitioner's counsel in Case No. 200823520, claims to have a clear recollection of the case, and gives testimony contrary to Ms. Sabri's. In

8 - OPINION AND ORDER

> his affidavit, Mr. Deal states that there was no agreement that required imposition of concurrent sentences upon revocation of petitioner's probation.
>
> 11. Mr. Deal also testifies to advising petitioner of the possibility that if his probation were revoked, he could receive consecutive sentences on each count of Coercion. This testimony directly contradicts petitioner's allegation that Mr. Deal failed to properly advise petitioner that his sentences could run consecutively.
>
> 12. Further, at the probation violation hearing and sentencing in Case No. 200823520, neither petitioner, Mr. Deal, nor any other party involved in the negotiated plea agreement, objected to the imposition of consecutive sentences. Had an agreement been made requiring concurrent sentences, this Court finds it reasonable to think that at least one party at petitioner's probation violation hearing would have objected to the imposition of consecutive sentences.
>
> 13. In light of this fact and the testimony of Mr. Deal, this Court finds that petitioner was aware that his sentences in Case No. 200823520 could be imposed consecutively. Petitioner knowingly, freely and intelligently gave up his rights and entered guilty pleas to two counts of Coercion.
>
> * * *

Reply [30], Attachment R, pp. 3-5.

The Court's purpose in including the above excerpt from the PCR court's factual findings is twofold. First, it demonstrates how thoroughly the State courts are reviewing Petitioner's claims. Second, it makes clear the question as to whether there was an agreement providing for concurrent sentences on revocation of Petitioner's probation is not a straightforward one as he suggests in his briefing to this Court.

9 - OPINION AND ORDER

While Petitioner suggests his state court proceedings have been plagued with problems and that he continues to be treated unfairly by the Oregon Department of Corrections, he has failed to demonstrate that he has encountered undue appellate delay attributable to the state, or that he has suffered prejudice as a result. Moreover, Petitioner's relatively short sentence does not constitute an extraordinary circumstance justifying federal intervention. To hold otherwise would permit every state prisoner with a short sentence to bypass state remedies, a result which would be directly contrary to the strong presumption in favor of exhaustion.

In sum, petitioner has failed to demonstrate the hurdles and delay he has encountered in his state court proceedings are either extreme, unusual, or attributable to the ineffectiveness of the state review process. Additionally, in the light of the Court's careful review of the record, Petitioner has not demonstrated that there are exceptional circumstances of peculiar urgency in his case to distinguish it from all other state convictions involving short sentences. Accordingly, the Court declines to waive the exhaustion requirement.

## CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss [23] is GRANTED. The Petition for Writ of Habeas Corpus [2] is DENIED

10 - OPINION AND ORDER

and this case is DISMISSED without prejudice for failure to exhaust.

In addition, the court finds that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Accordingly, this case is not appropriate for appellate review.

IT IS SO ORDERED.

DATED this 24th day of October, 2011.

                                          Robert E. Jones
                                          United States District Judge